J. E. CURTIS v. C. GUTZ, Appellant.

CONTRACT TO SELL LAND: FORFEITURE FOR DEFAULT IN PAYMENT: EXTENSION: FACTS HELD NOT TO WARRANT FORFEITURE.

90 767
99 223

*Appeal from Calhoun District Court.*—HON. CHARLES D. GOLDSMITH, Judge.

THURSDAY, MAY 10, 1894.

THIS cause was tried below as an equitable action, and is to be so tried in this court. On the tenth day of November, 1881, one Isaac H. Knox entered into a written contract with the defendant, whereby he agreed to sell to him one hundred and sixty acres of land in Calhoun county for an agreed price of five hundred and sixty dollars, the payments to be one hundred and forty dollars in hand, and the balance to be in four annual payments of one hundred and five dollars each. At the conclusion of the payments defendant was to receive a special warranty deed. The contract of sale contains a provision for a forfeiture in case of a failure to make any of the payments specified, or of taxes due on the land. Defendant made the first annual payment, due November 10, 1883. The other payments have not been made. Isaac H. Knox, deceased, and C. Gordon Knox succeeded to his interest in the land. On the sixth day of October, 1890, C. Gordon Knox elected, upon notice to defendant, to take a forfeiture of the contract. On the eighteenth day of October, 1890, C. Gordon Knox and wife conveyed their interest in the land to the plaintiff, and on the twenty-ninth of the same month this suit was commenced to recover possession. The pleadings present issues of facts to be further noticed in the opinion, and, upon the trial, judgment was entered for the plaintiff, and the defendant appealed.—*Reversed.*

*M. R. & J. B. McCrary* for appellant.

*J. C. Kerr* for appellee.

GRANGER, C. J.—Dates are quite important in this case. The contract of sale was made in 1881. The immediate conveyance on which Isaac Knox then relied to enable him to make a conveyance to defendant under the terms of his contract was a deed from the Dubuque Pacific Railway Company to him. This title was based on a grant of land by congress to aid in the construction of a railroad from Dubuque to Sioux City. The deed to Knox was dated June 14, 1858. The abstract of title attached to the petition, after presenting a chain of title from the United States, through the state of Iowa and the Dubuque Pacific Railway Company, to Isaac H. Knox, under the deed of June 14, 1859, also presents another chain, entirely distinct from the United States, through the state of Iowa, Calhoun county, and the American Emigrant Company to James

Callanan and J. C. Savery, and from them, by quitclaim deed, to this plaintiff, January 18, 1890. In the petition, as originally filed, plaintiff in general terms averred that he was the absolute owner in "fee simple" of the land, without averring on what conveyance he relied, and thereon sought his judgment of forfeiture and for possession. The answer, in avoidance of the claim of forfeiture, pleaded an extension of the time of payment by agreement. At the conclusion of the evidence the plaintiff filed an amendment to his petition as an additional count, making specific averment of title under the chain terminating in the conveyance by Callanan and Savery to plaintiff under date of January 18, 1890, and saying "that thereby the title to said land vested, and still vests, in plaintiff." The American Emigrant Company was the immediate grantor of Callanan and Savery, and this company instituted suit against this defendant to quiet its title to the land in the district court of Calhoun county, basing its claim of title on a swamp-land grant by congress under date of September 28, 1850. May 10, 1888, the district court entered its decree establishing the title in the company. Plaintiff, in his abstract of title, makes this decree a part of his chain of title, and in his amendment to his petition he sets out the decree as a basis of title. It was the contention as to the title, and the suit for its settlement, that caused the neglect to make the payments, for otherwise the defendant was at all times ready to make such payments, and has since the commencement of this suit—the title of the Emigrant Company being now in the plaintiff, as successor to Isaac H. Knox, so that he can obtain a title under his contract—tendered all that is due on the purchase price, and asks a confirmation of his title. Why should he not have it? Plaintiff relies on the provision of the contract by which he may declare a forfeiture in case of default in payment. The first default in payment was made November 10, 1883, and the last November 10, 1885. The record leads us to the conclusion that neither Isaac H. Knox nor his successors, barring the plaintiff, ever thought that they were in a position to observe, on their part, the terms of the contract as to a conveyance until after the decree in the emigrant company case against the defendant and the conveyance by Callanan and Savery to the plaintiff. During the period of contention as to the title no forfeiture was declared, or in any way claimed. The defendant has kept the taxes on the land fully paid. The forfeiture declared was by C. Gordon Knox, October 6, 1890, and he then conveys the land, by quitclaim deed, to plaintiff, on the eighteenth of the month, who commences this suit on the twenty-ninth of the month, adopting the declaration of forfeiture by Knox. The notes given for the deferred payments were made to and held by W. J. Barney & Co., of Chicago, instead of by the grantor. The obligations for payment were to the company. The company, after the default in payment, for a consideration, extended the time for payment in one or more or the notes from time to time; and as late as September 8, 1888, it called for tax receipts to be examined, with a view to know if defendant had paid the taxes. It appears that the entire business, including the making of the contract, was with W. J. Barney & Co., as agents, and we are satisfied that the company, either as real party in interest—of which

there is a claim in the case—or as agents, had full authority in the matter, and that the acts of the company are conclusive upon Isaac H. Knox and his successors in interest, including the plaintiff, who is seeking the forfeiture under the contract. The law, with its abhorrence of forfeiture, will not sanction one under such circumstances. Courts always construe conditions so as to save a forfeiture if it can fairly be done. Martind. Conv. [2 Ed.], 292.

Appellee attaches much importance to the fact that the contract provides for a special warranty, the thought being, apparently, that the grantor's obligation was only to make a deed, whether it conveyed a title or not. In general, a deed of special warranty limits its operation to certain persons or claims, or it may except from its operation certain persons or claims. In this contract the provision is to "convey * * * by deed of special warranty," without any words of special limitation as to persons or the subject-matter of the grant. There is, by the terms of the writing, to be a deed of warranty, and we assume that it means warranty of title, from the universal application of the term in deeds of conveyance. The instrument fails to show any particulars wherein it may be made special, nor does the record in any way show it, and hence the provision as to its being special seems to be without force. It will not do to say that a deed of special warranty means an instrument that really conveys nothing, or is absolutely without warranty. There is no phase of the case, as we view it, that will justify a decree of forfeiture against the defendant. He has been and is ready to do equity. He tenders the purchase price, with interest, which gives the grantor his own. The plaintiff evidently engaged in this enterprise as a legal venture, and with full knowledge of the situation. He is in no better situation than would be W. J. Barney & Co., or those for whom they act. Their claim for a forfeiture could not be entertained with favor. There should be a decree dismissing plaintiff's petition, and granting to defendant relief as prayed, and the cause is remanded for that purpose. This conclusion renders it unimportant to consider other questions presented. REVERSED.